In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00075-CR


____________________



MICHAEL JOE HAMMONDS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 97793






 MEMORANDUM OPINION


 Pursuant to a plea bargain, Michael Joe Hammonds pled "no contest" to forgery of
money, a third degree felony. See Tex. Pen. Code Ann. § 32.21(e)(1) (Vernon Supp. 2008). 
The trial court deferred adjudication of guilt, placed Hammonds on community supervision
for five years, and assessed a $500.00 fine. The trial court also required him to serve 180
days in jail as a condition of his deferred-adjudication community supervision. The State
subsequently filed a motion to revoke Hammonds's community supervision. The motion
alleged that Hammonds committed six violations of the terms established for his community
supervision. Hammonds pled true to two of the violations. The trial court accepted his pleas,
revoked his community supervision, adjudicated him guilty, and then sentenced him to ten
years of confinement. See Tex. Pen. Code Ann. § 12.34(a) (Vernon 2003) (providing that
imprisonment for third degree felonies may be for any term of not more than 10 years or less
than two years). Hammonds appealed.

 Hammonds's appellate counsel filed an Anders brief. See Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief meets the Anders
requirements by presenting a professional evaluation of the record that demonstrates why
there are no arguable grounds to be advanced. See High v. State, 573 S.W.2d 807, 813 (Tex.
Crim. App. 1978). Counsel provided Hammonds with a copy of the brief.

 Hammonds then filed a pro se brief. In three appellate issues, he complains that his
counsel provided ineffective assistance at the original plea proceedings by making
misrepresentations and providing improper advice. Specifically, Hammonds contends that
his attorney improperly advised him to plead "no contest" without explaining that the court
could sentence him to "up-front" jail time even though such a sentence was not part of
Hammonds's plea bargain with the State. Hammonds also contends that his attorney failed
to properly inform him of the punishment range for the offense. As a result of counsel's
ineffective assistance, Hammonds contends his "no contest" plea was involuntary. 
Hammonds, however, did not appeal from the original plea proceedings. See Manuel v.
State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

 In addressing an Anders brief and pro se response, a court of appeals may only
determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has
reviewed the record and finds no reversible error, or (2) that arguable grounds for appeal
exist and remand the cause to the trial court so that new counsel may be appointed to brief
the issues. Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 Having reviewed the clerk's record, the reporter's record, counsel's brief, and
appellant's pro se brief, we agree that the appeal is frivolous. See id. Therefore, we find it
unnecessary to order appointment of new counsel to re-brief the appeal. See id.; cf. Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment. (1)

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on August 31, 2009

Opinion Delivered September 23, 2009

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Hammonds may challenge our decision in this case by filing a petition for
discretionary review. Tex. R. App. P. 68.